**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | | |
|---|---|---|
| ARMANDO VALDES and TRINIDAD SANCHEZ, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 10 cv 50291 |
| v. | ) ) | |
| RC QUARTER HORSES, LLC, and RITA CRUNDWELL, | ) ) ) | JURY DEMAND REQUESTED |
| Defendants. | ) ) ) | |

## COMPLAINT

PLAINTIFFS, ARMANDO VALDES and TRINIDAD SANCHEZ (hereinafter referred to as "Plaintiffs"), by and through their attorneys, bring this complaint against the Defendants RC QUARTER HORSES, LLC and RITA CRUNDWELL (hereinafter collectively referred to as "Defendants") and state as follows:

### SUMMARY OF THE CASE

1. Plaintiffs bring this action for unpaid wages, unpaid overtime compensation, liquidated damages, back pay, front pay, retaliation, reasonable attorneys' fees and costs, declaratory and injunctive relief, punitive damages and other equitable and ancillary relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§201 and §§215(a)(3) *et seq.* (hereinafter "FLSA"), the Illinois Minimum Wage Law, 820 ILCS §§105 *et seq.* (hereinafter "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS §§115 *et seq.* (hereinafter the "IWPCA").

2. At all times pertinent hereto, Defendant, RC Quarter Horses, LLC ("RC") was a corporation duly organized and existing under Illinois law with a principal place of business

located in Dixon, Illinois. RC is an "employer" as that term is defined by the FLSA, IMWL and IWPCA and has been doing business in the State of Illinois, including this District.

3. At all times pertinent hereto, Defendant, Rita Crundwell (Crundwell), was the Owner of RC Quarter Horses, LLC. In this capacity, Crundwell is involved in the day to day business operations of RC, and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiffs in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiffs as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, Crundwell acted and had responsibility to act on behalf and in the interests of RC in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs and other similarly-situated employees minimum wage and overtime premium as required by the FLSA, IMWL and IWPCA. As such, at all times hereinafter mentioned, Defendant Crundwell has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

4. Plaintiff, Armando Valdes, worked for Defendants as a laborer from January 2008, through July, 2010. Mr. Valdes was classified as an exempt employee and was paid a fixed amount per week worked. Upon hire, Mr. Valdes was paid $300 per week worked. In approximately June or July of 2008, Mr. Valdes received a pay increase and was paid $350 per week worked. Finally, in approximately January of 2010, Mr. Valdes received an additional pay increase and was paid $380 per week worked.

5. Plaintiff, Trinidad Sanchez, worked for Defendants as a laborer from 2006 to September, 2010. Mr. Sanchez was classified as an exempt employee and was paid a fixed amount of approximately $350 per week worked.

6. Throughout their employment, Plaintiffs regularly worked more than 40 hours per week.

7. Defendants failed to keep accurate records of all the time Plaintiffs actually worked in direct violation of the FLSA and IMWL.

8. At no time during their employment were Plaintiffs exempt from the FLSA or IMWL because they did not meet the tests for exemption under federal law or state law.

9. At no time during their employment were Plaintiffs paid the state minimum wage as required by federal and state law.

10. Plaintiffs were not paid an overtime premium (1 ½ times their regular rate of pay) for all time worked in excess of 40 hours per workweek in violation of the FLSA, IMWL and IWPCA.

11. Defendants' failure to pay Plaintiffs minimum wages or time and one-half for all work performed in excess of 40 hours per workweek violates provisions of the FLSA and IMWL. As a result of Defendants' unlawful practice, Plaintiffs suffered a loss of wages.

12. Defendants failed to pay wages and other benefits to Plaintiffs by intentionally, willfully and improperly requiring and permitting them to work without receiving a minimum wage in violation of the FLSA and the IMWL.

13. Defendants failed to pay wages to Plaintiffs by intentionally, willfully and improperly requiring and permitting them to work in excess of 40 hours per workweek without overtime compensation in violation of the FLSA and IMWL.

14. The conduct alleged above reduced Defendants' labor and payroll expenses.

15. Additionally, in direct retaliation for asserting his rights to the minimum wage and overtime protections of the federal and state law, Mr. Valdes was baselessly terminated from his employment with the Defendants.

## PARTIES, VENUE AND JURISDICTION

16. At all relevant times, Plaintiff, Armando Valdes, has resided in this District.

17. At all relevant times, Plaintiff, Trinidad Sanchez, has resided in this District.

18. Defendant, RC Quarter Horses, LLC is a business that operates and maintains an office in this District and the State of Illinois.

19. Defendant, Rita Crundwell resides and does business in this District.

20. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." *Id.*

21. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

22. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

23. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## COUNT I - UNPAID WAGES/OVERTIME UNDER THE FLSA

24. Plaintiffs repeat and re-allege the above paragraphs.

25. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. The FLSA provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees and other appropriate relief.

4

26. Defendants violated the FLSA by regularly and repeatedly failing to properly compensate Plaintiffs for the actual time they worked each week.

27. Plaintiffs regularly worked more than forty (40) hours per week, but were not paid overtime wages for all hours worked in excess of 40 in given workweeks.

28. The foregoing actions of Defendants constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendants' actions were willful and not in good faith.

29. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages; thus, Defendants are liable to Plaintiffs for actual damages, liquidated damages, reasonable attorneys' fees and costs and equitable relief, pursuant to 29 U.S.C. §216(b).

<u>**COUNT II – UNPAID WAGES/OVERTIME UNDER THE IMWL**</u>

30. Plaintiffs repeat and re-allege the above paragraphs.

31. Illinois Statutes 820 ILCS §§105 *et seq.* requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

32. Defendants violated Illinois Statutes 820 ILCS §§105 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs for the actual time they worked each week.

33. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

<u>**COUNT III – UNPAID WAGES/MINIMUM WAGES UNDER THE FLSA**</u>

34. Plaintiffs repeat and re-allege the above paragraphs.

35. Plaintiffs were not paid the applicable minimum wage for all hours worked in violation of the minimum wage provisions of the FLSA. 29 U.S.C. §206(a).

36. At all times relevant hereto, the failure of Defendants to pay minimum wage for all hours worked was willful.

37. As a direct and proximate result thereof, Plaintiffs are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

### COUNT IV – UNPAID WAGES/MINIMUM WAGES UNDER THE IMWL

38. Plaintiffs repeat and re-allege the above paragraphs.

39. Illinois Statutes 820 ILCS §§105 *et seq.* requires employers to pay employees minimum wages for all hours worked. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

40. Defendants violated Illinois Statutes 820 ILCS §§105 *et seq.* by regularly and repeatedly failing to properly pay minimum wages to Plaintiffs for all hours worked.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

### COUNT V - UNPAID WAGES UNDER THE IWPCA

42. Plaintiffs repeat and re-allege the allegations set forth in each of the paragraphs above.

43. Section 2 under Illinois Statute 820 ILCS §115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . ."

6

44. Section 4 of the IWPCA, 820 ILCS §115/4, provides that every employer shall pay, "All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

45. Section 5 of the IWPCA, 820 ILCS §115/5, provides that, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

46. Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiffs for the actual time they worked each week, including overtime pay.

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT VI – RETALIATORY DISCHARGE UNDER THE FLSA

48. Plaintiffs repeat and re-allege the above paragraphs.

49. The Defendants knowingly, intentionally and willfully retaliated against Plaintiff, Armando Valdes, for asserting his rights to the minimum wage and overtime protections of the federal and state law, by discharging the Plaintiff.

50. Defendants' violation of Plaintiff's, Armando Valdes', rights under the FLSA caused him to suffer financial loss and other compensatory damages including, but not limited to, lost wages, injury to his career and professional reputation and emotional pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, Armando Valdes and Trinidad Sanchez, by and through their attorneys, demand judgment against the Defendants for a sum that will properly, adequately

and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

    a.    Declare and find that the Defendants committed one or more of the following acts:

        i.    Violated the overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

        ii.    Violated the minimum wage provisions of the FLSA by failing to pay minimum wages to Plaintiff;

        iii.    Willfully violated minimum wage and overtime provisions of the FLSA;

        iv.    Violated the overtime provisions of the IMWL by failing to pay overtime wages to Plaintiffs;

        v.    Violated the minimum wage provision of the IMWL by failing to pay minimum wages to Plaintiffs;

        vi.    Violated provisions of the IWPCA;

        vii.    Retaliated against and wrongfully discharged Plaintiff Armando Valdes for exercising his rights in violation of the FLSA, 29 U.S.C. §215(a)(3);

    b.    Award lost wages, compensatory damages and all overtime pay owed in an amount according to proof;

    c.    Award back pay;

    d.    Award liquidated damages;

    e.    Award pre-judgment interest;

    f.    Award 2% per month interest on all wages due accruing from the date such amounts were due until it is paid;

    g.    Award punitive damages;

    h.    All costs and attorneys' fees incurred prosecuting this claim;

    i.    Leave to amend to add claims under applicable state and federal laws;

    j.    Leave to add additional parties by motion; and,

k.    For such further relief as the Court deems just and equitable.

Plaintiffs request a trial by jury.

Dated: November 3, 2010                    Respectfully Submitted,


                                           _/s/ James B. Zouras_____
                                           Attorneys for the Plaintiffs
                                           James B. Zouras
                                           Ryan F. Stephan
                                           Stephan Zouras, LLP
                                           205 N. Michigan Avenue, Suite 2560
                                           Chicago, Illinois 60601
                                           312-233-1550
                                           312-233-1560 f